IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FREDDY HURLEY, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> DIRECTOR TDCJ-CID, § <br> § <br> Respondent. § § § | Case No.  6:24-cv-155-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Freddy Hurley, proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 regarding the validity of his continued confinement.  The petition was referred to United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for disposition.

On September 18, 2024, Judge Love issued a Report and Recommendation recommending that the Respondent's habeas corpus petition be dismissed.  Docket No. 11.  A copy of this Report was mailed to Petitioner.  No objections to the Report have been filed; however, on September 23, 2024, the Court received a pleading from Petitioner entitled "Petitioner's Continued Habeas Pleading - Additional Evidence, dated September 13, 2024."  Docket No. 12.  Although this pleading is dated before the Report, in the interest of justice, the Court will construe it as objections.

1

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his pleadings, Petitioner complains of the refusal to release him on parole. He contends that the Texas Board of Pardons and Paroles has told him that he has a "board disciplinary instant offense" which "has elements of brutality, violence, assaultive behavior, or a conscious disregard for the lives, safety, or property of others," but he complains that the description of this "instant offense" is unconstitutionally vague and that he has never had a hearing or been provided notice of this "instant offense."  Petitioner also maintained that he had a liberty interest in parole because under state law at the time of his crime, in January of 1986, he was supposed to serve one-third of his sentence in prison and the remainder at home under parole supervision.

Petitioner states that although the Board told him he has an "instant offense," the Dallas County district attorney told the judge of 204th Judicial District Court in late 2022 that Petitioner does not have an "instant offense," but only his 1987 aggravated robbery conviction.  He states that he is disabled, *pro se* and cannot articulate his legal pleadings like a trained attorney, and contends that the Court

must provide an evidentiary hearing to determine the facts. Petitioner further asserts that the Respondent and the Parole Board members are required to preserve all "instant offense" evidence which plays a significant role in his habeas petition, and his claim should be reviewed in the light most favorable to him.

As exhibits, Petitioner attaches correspondence with the Board informing him that his case is not under review at the time and that his request for a special review does not meet the criteria for such a review. He also has correspondence with the office of State Counsel for Offenders and a letter addressed to the Court arguing that the "instant offense" is unconstitutionally vague. As the Magistrate Judge correctly explained, the term "instant offense" refers to Petitioner's underlying offense of conviction, not a new offense devised by the Texas Department of Criminal Justice or the Board of Pardons and Paroles. The Magistrate Judge also properly concluded that Petitioner had no liberty interest in or constitutionally protected expectancy of release on parole. Petitioner's construed objections are without merit.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's construed objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 11) as the findings of this Court. Additionally, this case is **DISMISSED** with prejudice, except that Petitioner's claims concerning the conditions of his confinement are dismissed without prejudice. A certificate of appealability is **DENIED** *sua sponte*. All pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **22nd** day of **January, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE